14-3576-cv
*Johnson v. N.Y.C. Department of Education, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citi-ng a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 18th day of February, two thousand sixteen.

Present:     ROBERT A. KATZMANN,
                          *Chief Judge*,
             RALPH K. WINTER,
             JOHN M. WALKER, Jr.,
                          *Circuit Judges.*

_____

AWAD JOHNSON,
                          *Plaintiff-Appellant*,

            v.                                    No. 14-3576-cv

NEW YORK CITY DEPARTMENT OF EDUCATION;
JOEL I. KLEIN, as Chancellor for the New York City
Department of Education; MARIANNE T. FERRARA,
individually and in her capacity as Superintendent of
Community School District No. 22; PHYLLIS F. MARINO,
individually and in her capacity as Principal at I.S. 78,
                          *Defendants-Appellees.*

_____

For Plaintiff-Appellant:          Gerald Graves, South Orange, NJ.

For Defendants-Appellees:         Jonathan A. Popolow, *for* Zachary W. Carter,
                                  Corporation Counsel of the City of New York, New
                                  York, NY.

Appeal from the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Awad Johnson appeals from the judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*) granting summary judgment in favor of defendants-appellees on Johnson's claims of race discrimination in violation of Title VII of the Civil Rights Act, the Equal Protection Clause of the United States Constitution pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1981.  We assume the parties' familiarity with the relevant facts, the procedural history, and the issues presented for review.

We review *de novo* a district court's grant of summary judgment, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005).

When analyzing a discrimination claim under Title VII, 42 U.S.C. § 1983, or 42 U.S.C. § 1981, we employ a three-step burden-shifting analysis derived from *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802 (1973). *See Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127 (2d Cir. 2013) (per curiam) (clarifying that the analysis is the same for § 1983 and § 1981 as for Title VII).  Under the *McDonnell Douglas* framework, the first burden is on the plaintiff to establish a *prima facie* case by demonstrating (1) "membership in a protected class"; (2) "qualification for the position"; (3) "adverse employment action"; and (4) "circumstances giving rise to an inference of discrimination." *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 567 (2d Cir. 2000).  If the plaintiff can establish a *prima facie* case, the burden then shifts to the defendant to provide "a legitimate, non-discriminatory reason" for his or her actions. *Demoret v.*

*Zegarelli*, 451 F.3d 140, 151 (2d Cir. 2006). "[T]he final and ultimate burden is on the plaintiff to establish that the defendant's reason is in fact pretext for unlawful discrimination." *Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 251 (2d Cir. 2014).

Johnson, a probationary employee as to whom tenure was denied, argues that the district court erred in finding that he had failed to establish a *prima facie* case because he had not demonstrated circumstances giving rise to an inference of discrimination. Yet even assuming, *arguendo*, that Johnson had established a *prima facie* case, defendants-appellees met their resulting burden by articulating several legitimate, non-discriminatory reasons for denying his tenure, including (a) Johnson's refusal to continue on in his position as School Safety Designee, (b) defendants-appellees' dissatisfaction with the quality of Johnson's evaluations of other teachers, and (c) defendants-appellees' belief that Johnson failed to order student textbooks and then lied when confronted about the incident.

Johnson has failed to present sufficient evidence for a reasonable jury to find that these reasons are pretextual. In support of his claims, he offers a few isolated, ambiguously-worded comments made by one individual defendant about racial tensions in the larger community. He points to the fact that Principle Reggio, in denying him tenure, stated that he did not "fit in." This comment could have racial implications in a given case, *see Abrams*, 764 F.3d at 253–54, but such implications can only take meaning from the surrounding context involving that employee. Here there is no racial context as to Johnson. Apart from these comments, he fails to identify a single instance in which defendants-appellees made a derogatory statement towards him, or directly about him, before deciding to deny his tenure. In fact, Johnson testified that he liked working with Principal Reggio and admitted that he had never heard Superintendent Ferrara or Principal Reggio make a derogatory statement to him about his race. A summary of

Johnson's appeal to the Chancellor's Committee, moreover, describes Johnson's arguments at that time and makes no mention of a discrimination allegation.

We have considered Johnson's remaining arguments and find that they lack merit. For the reasons given, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK